WILLIS W. RUSSELL, Respondent, *v.* HORACE INMAN and HARRY A. INMAN, Trading under the Name and Style of INMAN MANUFACTURING COMPANY, Appellants.

*Master and servant — disobedience by the latter of an instruction to sign letters with his initials and not with his name is a ground for his discharge.*

An employer may properly insist that an employee, in his correspondence in reference to the employer's business, shall sign such correspondence with the employer's name coupled with the employee's initials and that the employee shall in no case sign such correspondence with his own full name, either singly or in connection with his employer's name, and the deliberate refusal of the employee to conform to the wishes of the employer in this respect will justify his discharge.

The willful disobedience by an employee of a direction of his employer concerning a mere matter of form is sufficient ground for the discharge of the employee.

APPEAL by the defendants, Horace Inman and Harry A. Inman, trading under the name and style of Inman Manufacturing Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Montgomery on the 11th day of November, 1901, upon the decision of the court rendered after a trial at the Montgomery Special Term.

The action is brought by the plaintiff against the defendants for a breach of contract whereby the plaintiff was to serve the defendants for one year from the 26th day of June, 1900, for the sum of $3,600, payable in weekly installments. Upon the 15th day of September, 1900, the plaintiff was discharged by the defendants. After the year had expired he brought this action to recover the contract price for the year, over and above a small sum which had been paid thereon, and over and above such moneys as he was able to earn

during that period. The court at Special Term directed judgment for $3,148.07 and costs. From this judgment defendants appeal.

*H. V. Borst,* for the appellants.

*J. H. Hanson,* for the respondent.

SMITH, J. :

The sole question presented for our determination is whether the defendants were justified in discharging the plaintiff. One of the grounds alleged for the discharge was " for disobeying instructions and persisting in signing your individual name to letters and correspondence of the Inman Manufacturing Company relating to the business of said company after being in writing expressly directed not to sign your name to any such letters." Plaintiff had been in the employ of the defendants for a year prior to the year for which this contract was made. In April before the service under the contract in suit was commenced, this contract was made, changing in some particulars the contract under which the service was then being rendered. Plaintiff and the defendant Horace Inman thereafter had some disagreements, the details of which are not important as the case now presents itself to us. Upon the 19th day of June, 1900, the defendant Horace Inman wrote to the plaintiff a letter, the material part of which is found in a few lines : " These rules are to be kept up in all cases, and in the future all correspondence must be signed, Inman Mfg. Co., for the company, and in no case are you to have any correspondence in your own name and you are so to instruct your correspondents as the Inman Mfg. Co." Prior to this the plaintiff Russell had usually signed letters with a stamp, " Inman Manufacturing Co.," and under the stamp written his name, W. W. Russell. Occasionally he had written a letter in his own name where he was writing in behalf of the company. The letter of June nineteenth was followed by another letter upon June twenty-eighth in which the direction was made more specific. The letter, as far as material, reads as follows : " Hereafter in writing letters for this company, you will in all cases sign them ' Inman Manufacturing Company,' and initial them ' Dict. by W. W. R.' and in no case will you sign your full name to the correspondence." The meaning of the letters of June nineteenth and June twenty-eighth would seem to be

unmistakable. That that meaning was clearly understood by the plaintiff would seem to be indicated conclusively by his change in the manner of signing letters, and during the month of July only one letter seems to have been signed with his full name, W. W. Russell, under the stamp of the Inman Manufacturing Company. The other letters were initialed only. In the month of August, however, the plaintiff seems deliberately to have disregarded the instructions of the defendants, and in defiance of those instructions to have assumed his former style of signature and to have written his name in full under the stamp of the Inman Manufacturing Company. In fact, during that month, there is not, I think, a single letter which he identified with the letter R or with the initials W. W. R. Some of the letters are signed William W. Russell without the stamp of the Inman Manufacturing Company. It is claimed, however, that those letters were written while he was away at an hotel, and were so written that they might be replied to in his own name, so that they might reach him at the hotel. It is further claimed on behalf of the plaintiff that some of the letters to which he signed his own name in full, under the stamp of the Inman Manufacturing Company, referred in the body of the letter to the writer, which it is claimed rendered it necessary that he should sign his name in full. Without considering the force of these excuses for a plain violation of the defendant's instructions, there nevertheless appears in the month of August upwards of twenty-five letters which were not written while he was at an hotel, and in which the letter did not refer to the " writer," and in which there appears no excuse whatever for a failure to comply with the defendant's directions. The use of this style of signature during the month of August seems to have been systematic, and was apparently deliberate. That a willful disobedience of the direction of a master, though it be as to matter of form, is sufficient ground for the discharge of a servant, will not be questioned. The learned judge below has found that the plaintiff was wrongfully discharged. In looking to his opinion for the ground of this finding, he states in the first place that the direction to sign the initials only was captious on the part of the defendants, and that the plaintiff might identify the letters by signing his name in full. To this we cannot agree. The defendants were trying to build up their name in their business and not the name of their servant, and

they had the perfect right to demand that, in corresponding in reference to their business, he should not at all times put his own identity into the foreground. The defendant Horace Inman swears that upon a verbal protest relative to this matter of the signature to letters, plaintiff made the assertion that he did not propose to lose his own identity. The learned judge further holds that the signing of his name in full below the stamp of the Inman Manufacturing Company was not a violation of the instructions contained in the letter of June twenty-eighth. To this we cannot agree. For months prior to the writing of this letter he had been signing most of the correspondence by writing W. W. Russell under the stamp of the Inman Manufacturing Company. Without this fact, the instructions in the letter of June twenty-eighth would seem to be clear. In connection therewith, the interpretation is unmistakable. That the plaintiff thoroughly understood what was meant is indicated by the fact that for a month thereafter he conformed to the instructions and did not sign his name in full to any letter of the defendants, but initialed them with the initial R or the initials W. W. R. The plaintiff put upon the stand one witness who swore in substance that in conversation with Horace Inman after the discharge Inman stated that it had become a question whether he or Russell was going to run that business, and that he had made up his mind that as it was his business he would run it. This declaration would seem to be borne out by the defiance of the plaintiff in uniformly signing his name in full to all correspondence for the company after the first of August. The plaintiff further argues that the defendants were seeking to get rid of this contract and to find some cause for a discharge, and to that end made unfair requirements of the plaintiff. If we assume for the argument the truth of these complaints, nevertheless the requirement as to the signing of these letters was a perfectly fair one which the defendants might lawfully make and a violation of which gave the defendants abundant ground for the discharge. I advise, therefore, a reversal of the judgment below, both upon the law and upon the facts.

All concurred.

Judgment reversed on law and facts and new trial granted, with costs to appellant to abide event.